1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RONALD KWAME GAINES,                          2:13-CV-174 JCM (NJK)

             Plaintiff(s),

v.

TRINITY PHARRIS, et al.,

             Defendant(s).

**ORDER**

Presently before the court is defendant's motion to dismiss. (Doc. #20). Plaintiff Ronald Kwame Gaines has filed oppositions (doc. #25, 26) to which the defendant has replied (doc. # 27).

**I.     Background**

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections at all relevant times.

The complaint alleges that defendant Trinity Pharris violated plaintiff's First Amendment rights by retaliating against him for filing a grievance. (Doc. #1-1). Specifically, plaintiff contends that on April 3, 2012, he filed a grievance stating that incorrect information regarding his criminal history had been submitted to the parole board. (Doc. #1-1). Plaintiff alleges that defendant responded by transferring him to a higher security level which limited his movement and law library access. (Doc. #1-1).

In addition to his retaliation claim, plaintiff originally filed claims alleging that: (1) defendant submitted incorrect information about plaintiff's criminal history to the parole board; (2) he was

**James C. Mahan**
**U.S. District Judge**

1   prevented from participating in programs in which he would earn credits toward an early release; (3)

2   defendant violated the Privacy Act, 5 U.S.C. § 552a, and; (4) defendant failed to act upon plaintiff's

3   grievances. (Doc. #1-1).

4       After screening the complaint pursuant to 28 U.S.C. § 1915A(b), this court dismissed all

5   claims except for the First Amendment retaliation claim. (Doc. #10). This court also dismissed

6   defendants Nevada Department of Corrections, Dwight Nevens, Sheryll Foster, and Greg Cox,

7   leaving only defendant Pharris remaining in her individual capacity. (Doc. #10).

8       Defendant now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, under

9   Fed. R. Civ. P. 56(b).

10   **II.**    **Legal Standard**

11       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

12   be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

13   statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell*

14   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

15   allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

16   of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual

17   allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to

18   survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to

19   relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

20       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

21   considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

22   in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.

23   Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

24   suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint

25   allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's

26   complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

27   liable for the alleged misconduct. *Id*. at 1949.

28

**James C. Mahan**
**U.S. District Judge**

1   Where the complaint does not permit the court to infer more than the mere possibility of

2   misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

3   (internal quotations omitted). When the allegations in a complaint have not crossed the line from

4   conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

5   **III.   Discussion**

6   As an initial matter, the court acknowledges that the complaint was filed *pro se* and is

7   therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document

8   filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be

9   held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and

10  citations omitted).  However, "*pro se* litigants in the ordinary civil case should not be treated more

11  favorably than parties with attorneys of record."  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th

12  Cir.1986).

13  Defendant has asserted two grounds for dismissal of plaintiff's retaliation claim. First,

14  defendant argues plaintiff cannot establish that she engaged in retaliatory conduct which violated

15  plaintiff's First Amendment rights. Second, defendant argues that she is entitled to qualified

16  immunity.

17  Defendant contends that plaintiff was transferred to a higher security level due to general

18  violations that occurred on April 5, 2012. (Doc. #20 at p. 10). Although plaintiff disputes some of

19  the facts laid out by the defendant, the parties are not in dispute regarding the basic timeline.

20  On April 3, 2012, plaintiff submitted a grievance regarding defendants submission of

21  allegedly incorrect information to the parole board. (Doc. #25 at p. 2). On April 5, 2012, defendant

22  witnessed plaintiff commit two general violations; "Failure to Follow Rules and Regs" and

23  "Disobedience." (Doc. #20 at p. 7). Plaintiff was observed crossing into another housing area without

24  permission, and was found in possession of coffee, which is unauthorized "contraband" according

25  to prison policy. (Doc. #20 at p. 10). On April 6, 2012, plaintiff was transferred to a higher security

26  level because of these violations. (Doc. #20 at p. 10). Plaintiff does not dispute that he was found

27  guilty of these violations. (Doc. #25 at p. 9).

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1        Prisoners retain a First Amendment right to file grievances, and any retaliation for the

2  exercise of that right is a constitutional violation. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.

3  2009). In order to establish a claim of First Amendment retaliation in the prison context a plaintiff

4  must show:

5        "(1) An assertion that a state actor took some adverse action against an inmate, (2)

6        because of, (3) that prisoner's protected conduct, and that such action (4) chilled the

7        inmate's exercise of his First Amendment rights, and (5) the action did not

8        reasonably advance a legitimate correctional goal."

9  *Id.* (citing *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)).

10        Plaintiff's contentions do nothing more than allege, without support, that the transfer

11  occurred as retaliation for his filing of a grievance. The complaint provides nothing further to link

12  the alleged adverse action to his exercise of his First Amendment rights. *See Brodheim*, 584 F.3d at

13  1269.

14        Plaintiff's bare allegations are merely speculative, and fail to establish that he was assigned

15  to a higher security level because of his grievances, and not because of his multiple regulatory

16  violations, to which he has admitted committing.

17        As such, plaintiff's allegations have not crossed the line from conceivable to plausible, and

18  the complaint must be dismissed.

19        Accordingly,

20        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

21  dismiss (doc. # 20) be, and the same hereby is, GRANTED. The clerk is instructed to enter judgment

22  accordingly and close the case.

23        DATED May 22, 2014.

24

25        _____

26        **UNITED STATES DISTRICT JUDGE**

27

28

James C. Mahan
U.S. District Judge